UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT KANSAS CITY

| | |
|---|---|
| JKMI, LLC, a Missouri limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No._____ ) |
| TRUCK HAULIN EXPRESS CORP., a Florida for-profit corporation, **serve: Registered Agent Romero, Pedro E. 11440 Whistlers Cove Cir., Apt. 325 Naples, FL 34113** | ) ) ) ) ) ) ) |
| and | ) ) |
| PROGRESSIVE EXPRESS INSURANCE CO., an Ohio for-profit corporation, **serve: Registered Agent CT Corporation System 4400 Easton Commons Way, Suite 125 Columbus, OH 43219** | ) ) ) ) ) ) ) |
| Defendants. | ) Jury Trial ) |

**COMPLAINT FOR DAMAGES**

Plaintiff JKMI, LLC ("JKMI"), by and through counsel, for its Complaint against the defendants named above, states and alleges as follows:

1. This case brings claims against the defendants arising from the damage of goods shipped interstate by plaintiff through defendant Truck Haulin Express Corp., and the refusal of both defendants to pay for the damages.

1

## The Parties, Jurisdiction, and Venue

2. As pleaded more specifically below, plaintiff JKMI brings this suit as to defendant Truck Haulin Express Corp. pursuant to the Carmack Amendment, 49 U.S.C. § 14706, *et seq*. As such, the Court has federal question subject matter jurisdiction over these claims, pursuant to 28 U.S.C. §1331.

3. Independently, the Court also has diversity subject matter jurisdiction of the claims as to both defendants, pursuant to 28 U.S.C. §1332, based on the citizenship of the respective parties and because the amount in controversy is in excess of $75,000, all as pleaded in greater detail below.

4. Plaintiff JKMI is a Missouri limited liability company. It is registered with the Missouri Secretary of State's Office and is active and in good standing. Plaintiff's principal office is located in Faucett, Buchanan County, Missouri.

5. Defendant Truck Haulin Express Corp. ("Truck Haulin") is a Florida for-profit corporation with its principal place of business located in Naples, Florida. It is not registered with the Missouri Secretary of State's Office, however this defendant markets, sells, and performs its property hauling business for people and businesses throughout the United States, including in Missouri, and including with this plaintiff. This defendant can be served with process through its Florida registered agent, at the location shown above, or otherwise pursuant to federal law and/or Missouri law. Defendant Truck Haulin's USDOT number is 3260617.

6. Defendant Progressive Express Insurance Company ("Progressive") is an Ohio for-profit corporation with its principal place of business located in Ohio. It is also not registered with the Missouri Secretary of State's Office, however this defendant markets, sells, and delivers policies of insurance to people and businesses throughout the United States, including in

Missouri, and including as applicable to the goods belonging to this plaintiff, which were shipped with the co-defendant Truck Haulin. This defendant can be served with process through its Ohio registered agent, at the location shown above, or otherwise pursuant to federal law and/or Missouri law.

7. The Court has personal jurisdiction over either and both defendants through their submission to jurisdiction in Missouri, pursuant to R.S.Mo. 506.500.1, subsections (1), (2), (3) and/or (5), by virtue of the defendants having transacted business in Missouri with Missouri customers, including this plaintiff. Service of process may therefore be obtained by delivering a summons or request for waiver of summons and a copy of this Complaint to each defendant, pursuant to R.S.Mo. 506.510.1 and Fed. R. Civ. P. 4, including but not limited to the registered agents shown above in the case caption of this pleading.

8. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) and/or (3), because the plaintiff resides in this District, the defendants are subject to process in this District, and many of the events, torts, and damages at issue occurred in this District.

### Plaintiff's Shipment and the Destruction of the Goods

9. Plaintiff JKMI entered an agreement to ship certain goods. The goods at issue herein were carried by defendant Truck Haulin.

10. The goods to be shipped were two large "freezer penthouse units," which are cooling equipment. Each penthouse unit was 273" x 93" x 83", or approximately 23' long x 8' high x 7' wide.

11. The cost and value of each freezer penthouse unit was $47,595.

12. The parties agreed that on January 30, 2020, defendant Truck Haulin would pick up the goods from SGS Refrigeration at 1100 Anchor Road in Dixon, Illinois, and would ship

them for the plaintiff, for delivery on January 31st on behalf of plaintiff to a jobsite located at 2101 E. Trail Street in Dodge City, Kansas.

13. Defendant Truck Haulin issued bill of lading #20396 for the shipment. A copy of the bill of lading is attached hereto as Exhibit 1.

14. The bill of lading did not contain a signed, written limitation of liability by defendant Truck Haulin for damage that might occur to the goods during shipment. Defendant Progressive instead had in place insurance coverage for the full value of the shipped goods. The insurance coverage was issued by defendant Progressive. *See* Exhibit 2 (Certificate of Insurance).

15. The value of the goods had been expressed by plaintiff in making the arrangements for the shipments, and the value of the goods was or should have been known to defendant Truck Haulin before it picked up the goods.

16. When the goods arrived at the jobsite, it was immediately noticed that two of the freezer penthouse units were severely damaged during their transport, while they were on the trucks of defendant Truck Haulin. The freezer units are covered with thousands of razor-thin evaporation blades, similar to a car's radiator. On two the units that were delivered by defendant Truck Haulin, innumerable numbers of the blades were bent and/or broken. It was determined that few parts of the two units could be saved, salvaged, or reused and that the two units were each essentially a total loss. Plaintiff had to re-order and purchase replacement units from the manufacturer, SGS Refrigeration.

17. The entirety of the damage to the two units had occurred during transit by defendant Truck Haulin, while the goods were solely in the possession and control of defendant Truck Haulin.

18. The replacement cost of the two units, and therefore the actual damages to plaintiff, was $90,136.

19. Plaintiff provided written notice of the claim to defendant Truck Haulin on February 5, 2020, and again on April 28, 2020. Plaintiff gave written notice of the claim to Truck Haulin's insurer, defendant Progressive, through the same notice on April 28, 2020.

20. Neither defendant has paid the claim.

## COUNT I
## Damages Pursuant to the ICC Termination Act
## (formerly the Carmack Amendment),
## 49 U.S.C. § 14706, *et seq*.

### (Defendant Truck Haulin)

21. Plaintiff incorporates by reference all previously-pleaded paragraphs, facts and allegations, above, as though fully set forth herein.

22. Plaintiff JKMI was under a delivery contract including a bill of lading with defendant Truck Haulin, as set forth above.

23. Plaintiff JKMI delivered the above-described goods to defendant Truck Haulin in excellent, new condition, through the manufacturer of the goods, and defendant Truck Haulin picked up the new goods for delivery directly from the manufacturer.

24. Defendant Truck Haulin delivered the goods to their intended destination in a damaged condition, as set forth above.

25. There was no act of God, no act by plaintiff JKMI, no act of any public authority or public enemy, and no inherent vice within the goods themselves responsible for causing the damage. The damage occurred solely as a result of the shipping provided by defendant Truck

Haulin and its negligent and inadequate methods of storing and strapping the goods for the transit.

26. As a direct and proximate result of the damage that occurred during shipment, plaintiff was damaged in the amount of $90,136 by virtue of having to replace the two damaged units.

27. Plaintiff is also entitled to recover pre-judgment interest at the statutory rate on the amount of the loss, running from the date of the loss, and such attorney's fees as may be allowed by law.

28. Plaintiff gave defendant Truck Haulin written notice of the claim within nine months of the date of loss, twice.

WHEREFORE, plaintiff prays the Court to enter judgment in its favor and against defendant Truck Haulin on this Count I in the amount of $90,136, as pleaded above, to award plaintiff its costs and attorney's fees in this action, to award prejudgment interest as set forth above, and to enter such additional and further relief as is warranted by the evidence.

### COUNT II – Vexatious Refusal to Pay Insurance Claim, R.S.Mo. § 375.296 and § 375.420

**(Defendant Progressive Express Insurance)**

29. Plaintiff incorporates by reference all previously-pleaded paragraphs, facts and allegations, above, as though fully set forth herein.

30. Defendant Progressive issued insurance policy #00973027-0, which was in effect at the dates of and provided coverage to the shipment referenced above. The Progressive policy covered damage occurring to shipped goods as occurred herein and as referenced above, in the amount of at least $100,000.

31. Attached here as <u>Exhibit 2</u> is a certificate of coverage confirming that the Progressive policy afforded coverage of this loss.

32. Plaintiff gave defendant Progressive written notice of its claim, as explained above. Plaintiff had also given Progressive written notice of the claim through its insured, defendant Truck Haulin.

33. Notwithstanding the policy covered the loss, Progressive denied the claim. Progressive falsely and wrongly contended that it "was unable to find valid coverage for the claim."

34. Progressive has maintained that coverage position and is recalcitrant about it, yet Progressive has failed to articulate any explanation for its decision, let alone any rational or reasonable explanation based on the policy's terms and coverages.

35. Progressive's refusal to acknowledge its coverage for the claim, and its denial of the claim, is vexatious and violates R.S.Mo. § 375.296.

36. Defendant Progressive owes plaintiff the primary amount of its claim, $90,136, pursuant to the insurance policy and pursuant to R.S.Mo. § 375.296 and § 375.420.

37. Pursuant to the statutes, due to its vexatious refusal to pay the claim, Progressive also owes the plaintiff an additional penalty of $9,163.60, prejudgment interest on the claim, plus plaintiff's reasonable attorney's fees.

WHEREFORE, plaintiff prays the Court to enter judgment in its favor and against defendant Progressive on this Count II in the amount of $99,299.60, as pleaded above, to award plaintiff its costs and attorney's fees in this action, to award prejudgment interest as set forth above, and to enter such additional and further relief as is warranted by the evidence.

Respectfully submitted,

 /s/ Andrew M. DeMarea
Andrew M. DeMarea        MO #45217
FORSGREN FISHER MCCALMONT DEMAREA
  TYSVER LLP
2345 Grand, Suite 1950
Kansas City, MO 64108
(816) 339-9301
ademarea@forsgrenfisher.com

ATTORNEY FOR PLAINTIFF